# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP1288-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Daniel W. Morse, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>　　　　Complainant-Respondent,<br>　　v.<br>Daniel W. Morse,<br>　　　　Respondent-Appellant. |

ATTORNEY MORSE REINSTATEMENT PROCEEDINGS
Reported at 386 Wis. 2d 654, 927 N.W.2d 543
PDC No: 2019 WI 53 - Published

| | |
|---|---|
| OPINION FILED: | March 2, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| 　COURT: | |
| 　COUNTY: | |
| 　JUDGE: | |

| | |
|---|---|
| JUSTICES: | |

Per Curiam.

| | |
|---|---|
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP1288-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Daniel W. Morse, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant-Respondent,**

    **v.**

**Daniel W. Morse,**

      **Respondent-Appellant.**

**FILED**

**MAR 2, 2021**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY reinstatement proceeding. *Reinstatement granted.*

¶1 PER CURIAM. We review a report filed by Referee Robert E. Kinney recommending that the court reinstate the license of Daniel W. Morse to practice law in Wisconsin. No appeal has been filed from the referee's report and recommendation. Accordingly, our review proceeds pursuant to Supreme Court Rule (SCR) 22.33(3). Upon careful review of the matter, we adopt the referee's findings of fact and conclusions of law and agree that Attorney Morse's petition for reinstatement should be granted. As is our normal custom, we also direct that the costs of the reinstatement proceeding,

which are $5,448.81 as of December 15, 2020, be paid by Attorney Morse.

¶2 Attorney Morse was admitted to practice law in Wisconsin in 1979. Attorney Morse was also licensed to practice law in Florida and Pennsylvania. He was disbarred in Florida in 2019, and his Pennsylvania law license is administratively suspended. In 2019, Attorney Morse's Wisconsin law license was suspended for one year. See In re Disciplinary Proceedings Against Morse, 2019 WI 53, 386 Wis. 2d 654, 927 N.W.2d 543. The misconduct in that case related to an estate matter. Attorney Morse failed to take steps to advance the interests of the estate; failed to promptly deliver documents in his possession; failed to abide by a probate court order; and failed to keep in trust funds totaling over $25,000 belonging to the estate, instead paying those funds to his law firm and himself and using the funds to pay personal obligations.

¶3 Attorney Morse filed a petition for the reinstatement of his Wisconsin law license on April 6, 2020. A hearing was held before the referee on October 13, 2020. The referee issued his report and recommendation on November 24, 2020. The referee found that Attorney Morse: desires to have his license reinstated; has not practiced law during the period of suspension; has not given members of the public misleading information about his suspension or reinstatement; has fully complied with the terms of the order of suspension; has maintained competence and learning in the law by attending educational sessions; understands the gravity of his misconduct;

2

and has promptly made restitution. The referee also found that Attorney Morse's conduct since the suspension has been exemplary and above reproach and that he has a proper understanding of and attitude toward the standards that are imposed on members of the bar and will act in conformity with those standards. The referee found that Attorney Morse can be safely recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and an officer of the courts.

¶4 Supreme Court Rule 22.31(1) provides the standards to be met for reinstatement. Specifically, the petitioner must show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest, and that he or she has complied with SCR 22.26 and the terms of the order of suspension. In addition, SCR 22.31(1)(c) incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a) – (m). Thus, the petitioning attorney must demonstrate that the required representations in the reinstatement petition are substantiated.

¶5 When reviewing referee reports in reinstatement proceedings, we utilize standards of review similar to those used for reviewing referee reports in disciplinary proceedings. We do not overturn a referee's findings of fact unless they are

3

clearly erroneous. On the other hand, we review a referee's legal conclusions, including whether the attorney has in fact satisfied the criteria for reinstatement, on a de novo basis. In re Disciplinary Proceedings Against Jennings, 2011 WI 45, ¶39, 334 Wis. 2d 335, 801 N.W.2d 304; In re Disciplinary Proceedings Against Gral, 2010 WI 14, ¶22, 323 Wis. 2d 280, 779 N.W.2d 168. In making his recommendation, the referee noted that Attorney Morse has acknowledged his ethical violations. The referee said Attorney Morse is very knowledgeable about his specific area of practice, and if, in the future, an issue at the periphery of his knowledge arises, he has vowed that he will consult with other experienced professionals. The referee said making use of the expertise of these attorneys would be an invaluable resource for Attorney Morse.

¶6 Upon review of the record, we agree that Attorney Morse has established by clear, satisfactory, and convincing evidence that he has satisfied all of the criteria necessary for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law, and we accept the referee's recommendation that Attorney Morse's license to practice law in Wisconsin should be reinstated. As is our standard policy, we also find it appropriate to impose the full costs of this proceeding on Attorney Morse.

¶7 IT IS ORDERED that the license of Daniel W. Morse to practice law in Wisconsin is reinstated, effective the date of this order.

4

¶8 IT IS FURTHER ORDERED that within 60 days of the date of this order, Daniel W. Morse shall pay to the Office of Lawyer Regulation costs of this proceeding, which are $5,448.81 as of December 15, 2020.